UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 26-cr-10115-LTS |
| LORENZO NOURAFCHAN, | ) | |
| | ) | |
| NOWEL MILIK, | ) | |
| | ) | |
| NICHOLAS RUDELA, | ) | |
| | ) | |
| DAVID MAKARY, and | ) | |
| | ) | |
| STJEPAN VINSKI, | ) | |
| | ) | |
| Defendants | ) | |

## JOINT INITIAL STATUS REPORT

The government and the defendants in the above-referenced matter, through undersigned counsel, submit this joint initial status report pursuant to Local Rule 116.5(a).   For the reasons set forth below, the parties jointly propose that the initial status conference scheduled for August 12, 2026 be adjourned, and an interim status conference be established approximately 60 to 75 days in the future, accompanied by an order excluding the interim period under the Speedy Trial Act.

**(1)     Status of Automatic Discovery and Any Pending Discovery Requests**

At the initial appearance of the defendants, the Court classified this matter as a complex case.   The Court initially entered a deadline for the production of automatic discovery of July 27, 2026.   *See* Dkts. 47, 53.   Pursuant to an agreement with the parties, the government will be producing automatic discovery by or before August 14, 2026.   That additional time was necessitated in part by the multi-day period associated with loading discovery materials onto each individual hard drive.

At this time (and following entry of a protective order), the government has produced

nearly all automatic discovery to defense counsel in this case, including on or about August 6, 2026.   The initial discovery produced to date is voluminous: over 9 terabytes, comprised of more than 40 million pages of materials, as well as Title III interceptions (e.g., audio files, text files, electronic and MMS data files), recordings, and pen register and trap and trace data, among other materials.   The government's production consists of both load-ready materials and materials that were produced in native format.   Its production was accompanied by 114 text-searchable indices.

**(2)    Timing of Any Additional Discovery to be Produced**

The government expects to make at least one supplemental production of automatic discovery material by or before August 14, 2026.   That production will be significantly smaller than the government's initial discovery production.

With the exception of the above materials, the government does not, at this time, anticipate providing additional discovery, other than discovery that falls within the ambit of Local Rule 116.2(b)(2) (discovery that is provided not later than 21 days before the trial date), and other than additional discovery the government obtains, reviews, and processes pursuant to its ongoing investigation and discovery obligations.

**(3)    Timing of Any Additional Discovery Requests**

Counsel for the defendants are reviewing the discovery produced to date and evaluating whether to propound any discovery requests.

**(4)    Whether Any Protective Orders are Needed**

Pursuant to an assented-to motion filed by the government, the Court entered a protective order in this matter on June 22, 2026.   *See* Dkt. 67.

**(5)      Timing of Any Pretrial Motions**

The parties agree that it is too early to set a motion schedule under Fed. R. Crim. P. 12(b). The parties ask that any motions deadlines be set at a later status conference or no later than the initial pre-trial conference.

**(6)      Timing of Expert Witness Disclosures**

The parties agree that it is too early to set an expert disclosures deadline.    The parties ask that an expert disclosures deadline be set at a later status conference, which will provide additional time for the parties to meet-and-confer about the deadline and for defense counsel to review discovery.

**(7)      Periods of Excludable Delay under the Speedy Trial Act**

Two of the defendants were arraigned on the indictment on June 1, 2026, *see* Dkts. 45, 46; three defendants were arraigned on June 3, 2026, Dkt. 52.    The Court thereafter excluded under the Speedy Trial Act the time from May 6, 2026 through August 12, 2026, the date for the initial status conference.    *See* Dkts. 48, 54.    The parties agree that the time period between August 12, 2026 and the next status conference should be excluded because this time will be used for purposes to include, *inter alia*, review of discovery by the defense, conferral between the defendant and defense counsel, conferral between the parties regarding discovery requests and issues, and consideration of pre-trial motions.    Therefore, the parties request that this Court find that the ends of justice served by excluding the period of this continuance outweigh the best interest of the public and the defendants in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

**(8)    Timing of an Interim Status Conference**

Subject to the Court's preference and schedule, the parties propose that an interim status conference date be established approximately 60 to 75 days in the future and request entry of an accompanying order excluding the interim period under the Speedy Trial Act.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

/s/ Kaitlin R. O'Donnell
KAITLIN R. O'DONNELL
Assistant United States Attorney

**LORENZO NOURAFCHAN**
By his attorneys,

/s/ Steven C. Boozang
Steven C. Boozang
Steven C. Boozang, Esq.
439 Washington Street
Dedham, MA 02026
sboozang@boozanglaw.com
781-251-9991

David Z. Chesnoff (*pro hac vice*)
Chesnoff & Schonfeld
520 South Fourth Street
Las Vegas, NV 89101
dzchesnoff@cslawoffice.net
702-384-5563

**NOWEL MILIK**
By his attorney,

/s/ Robert M. Goldstein
Robert M. Goldstein
Goldstein Law Firm
20 Park Plaza, Suite 1000
Boston, MA 02116
rmg@goldstein-lawfirm.com
617-742-9015

**NICHOLAS RUDELA**
By his attorney,

*/s/ Greg A. Friedholm*
Greg A. Friedholm
Friedholm Law LLC
20 Park Plaza Ste 1000
Boston, MA 02116
greg@friedholmlaw.com
617-801-9943

**DAVID MAKARY**
By his attorneys,

*/s/ Mark Werksman*
Mark Werksman (*pro hac vice*)
Werksman Jackson & Quinn, LLP
888 West Sixth Street Suite 400
Los Angeles, CA 90017
mwerksman@werksmanjackson.com
213-688-0460

R. Bradford Bailey
Brad Bailey Law, P.C.
44 School Street Suite 1000B
Boston, MA 02108
brad@bradbaileylaw.com
781-589-2828

**STJEPAN VINSKI**
By his attorney,

*/s/ Michael J. Callanan*
Michael J. Callanan
Law Office of Michael J. Callanan
105 Eastern Ave Suite 215
Dedham, MA 02026
callananlaw@gmail.com
617-884-2130

Dated: August 7, 2026

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the Clerk of the Court using the ECF system, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

*/s/ Kaitlin R. O'Donnell*
KAITLIN R. O'DONNELL
Assistant United States Attorney